UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHSON, | Case No. 3:21-cv-00239-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| MICAELA GAROFALO, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Lausteveion Johnson, currently incarcerated in the custody of the Nevada Department of Corrections, filed a complaint under 42 U.S.C. § 1983. (ECF No. 12-1.) Before the Court is a Report and Recommendation of United States Magistrate Judge Carla L. Baldwin (ECF No. 50 ("R&R")), recommending that the Court deny Plaintiff's emergency motion for a preliminary injunction (ECF No. 35 ("Motion").) Plaintiff has not filed an objection to the R&R. Because the Court agrees with Judge Baldwin, and as further explained below, the Court adopts the R&R in full. Accordingly, the Court denies Plaintiff's Motion.

**II.   BACKGROUND**

The Court incorporates by reference Judge Baldwin's description of the case's factual background and procedural history provided in the R&R, which the Court adopts. (ECF No. 50 at 1-3.)

**III.   DISCUSSION**

Judge Baldwin determines that Plaintiff seeks a "mandatory, as opposed to prohibitory, injunction that the Court mandate a change to how his [good-time] credits were awarded" for his parole eligibility date ("P.E.D.") (ECF No. 50 at 5.) In other words, Plaintiff requests a mandatory preliminary injunction because he does not simply ask the

Court to prevent Defendants from doing something; rather, Plaintiff wants the Court to force Defendants to take action as to his credits. (*Id.*) *See also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (recognizing that a mandatory injunction is "particularly disfavored" because it "orders a responsible party to take action") (citation and quotations omitted); *Anderson v. United States*, 612 F.2d 1112, 1114-15 (9th Cir. 1979) (citations omitted).

        Judge Baldwin finds that Plaintiff not only fails to satisfy the four-factor *Winter* test, but also fails to meet his heightened burden under the Prisoner Litigation Reform Act and otherwise establish that "the facts and law clearly favor the moving party," and that "extreme or very serious damage will result" in the absence of injunctive relief. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citation and quotations omitted); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) (warning that courts should be "extremely cautious" when issuing a mandatory preliminary injunction); 18 U.S.C. § 3626(a)(2) (heightening the standard for prisoner litigants seeking preliminary injunctive relief).

        After holding an evidentiary hearing on the Motion (ECF No. 49), Judge Baldwin concludes that Defendants did in fact properly apply Plaintiff's good-time credits to his P.E.D. (ECF No. 50 at 7.) Moreover, Judge Baldwin finds that, regardless of whether Plaintiff's credits were properly calculated, Plaintiff has offered no evidence showing (1) that Defendants LaFleur or Ferro were responsible for calculating or applying Plaintiff's credits, or (2) that the alleged misapplication of credits was because of, or in retaliation for, Plaintiff's filing of grievances. (*Id.*) "Because the facts here do not clearly show that [Plaintiff] was retaliated against," Judge Balwin finds that no adverse action occurred and that "the Court cannot issue a mandatory preliminary injunction." (*Id.* at 7-8.)

        Additionally, Judge Baldwin finds that Plaintiff has failed to show he would face

irreparable harm or "extreme or very serious damage" in the absence of preliminary injunctive relief. (*Id.* at 8-10.) *See also Anderson*, 612 F.2d at 1114-15. Judge Baldwin explains that because applying good-time credits toward Plaintiff's P.E.D. would not automatically speed up Plaintiff's release date, and because Plaintiff has already been scheduled for the earliest parole hearing possible, Plaintiff "cannot show that extreme or very serious harm will occur if a preliminary injunction is not imposed." (*Id.* at 9-10.)

For these reasons, Judge Baldwin recommends that the Court deny Plaintiff's Motion. (*Id.*) *See also Marlyn*, 571 F.3d at 879; *Anderson*, 612 F.2d at 1114-15.

Because Plaintiff has not objected to the R&R, the Court need not review Judge Baldwin's recommendations *de novo*; the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee note to 1983 amendments; *see also* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that when a party fails to object to a magistrate's recommendation, the Court need not conduct "any review at all . . . of any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."). As the Court finds no clear error on the face of the record before it, the Court will accept and adopt the R&R in full.

## IV. CONCLUSION

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 50) is accepted and adopted in full.

It is further ordered that Plaintiff's emergency motion for a preliminary injunction (ECF No. 35) is denied.

DATED THIS 14th Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE