**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MICAELA GAROFALO, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:21-CV-00239-MMD-CLB<br><br>**ORDER DENYING MOTION FOR IMMEDIATE RELEASE, GRANTING MOTION TO STAY PROCEEDINGS, DENYING WITH LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT, AND GRANTING MOTION TO SEAL**<br><br>[ECF Nos. 60, 61, 62, 63] |

Before the Court is Plaintiff Lausteveion Johnson's ("Johnson") motion to stay proceedings, (ECF No. 61) and motion for immediate release, (ECF No. 60). Also before the Court is Defendants James Dzurenda, Joseph Ferro, Micaela Garofalo, Guillermo Hernandez, William Hutchings, Monique Hubbard-Pickett, Marc LaFleur, Leo Martinez, Kimberley McCoy, Jennifer Nash, Francis Oakman and Brian Williams's (collectively referred to as "Defendants"), motion for summary judgment, (ECF No. 62), and motion to seal, (ECF No. 63). Each is discussed in turn.

I.   **MOTION TO STAY**

According to Johnson's motion to stay, he was granted parole and will be released from prison between April 23, 2023 and April 30, 2023, and will not have access to his legal materials for a period of time. (ECF No. 61 at 2.) Thus, Johnson asks the Court to stay his case until May 20, 2023. (*Id.*)

It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* FED. R. CIV. P. 1.

To that end, the Court considers several articulated factors when deciding whether to stay a case: "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" including the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court has considered these factors and finds, in the exercise of its sound discretion, that a brief stay of these proceedings until **June 15, 2023** is appropriate.

The Court additionally notes that pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address ...  Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1. Thus, Johnson must file his notice of change of address once he has been released from custody.

**II.     MOTION FOR IMMEDIATE RELEASE**

Next, Johnson's motion for immediate release argues that because Johnson's parole eligibility date was adjusted, he should be immediately released from prison. (ECF No. 60.) While prisoners may challenge the constitutionality of state parole procedures in an action under Section 1983, they may not seek "an injunction ordering [] immediate or speedier release into the community." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Habeas is the exclusive remedy for the prisoner who seeks immediate or speedier release from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (internal quotation omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release

on parole, must be brought in a habeas petition). Accordingly, Johnson's motion has been brought improperly in this 1983 action and is accordingly denied.

### III. MOTION FOR SUMMARY JUDGMENT AND MOTION TO SEAL

Finally, Defendants have filed a motion for summary judgment, (ECF No. 62), and a motion to seal. (ECF No. 63.) Because the Court is granting a stay in this case, and for purposes of judicial economy, the Court finds it appropriate to deny with leave to refile, the motion for summary judgment. (ECF No. 62).

As to the motion to seal, Defendants move to file Exhibit G to the motion for summary judgment under seal based on it containing confidential medical information. (ECF No. 63.) When the documents proposed for sealing are "more than tangentially related" to the merits of the case, the Court applies the compelling reasons standard to determine whether sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Here, the referenced exhibits contains Johnson's sensitive health information. Balancing the need for the public's access to information regarding medical treatment against the need to maintain the confidentiality of the information weighs in favor of sealing these exhibits. Accordingly, the Court finds compelling reasons exist to seal the document, and thus the motion, (ECF No. 63), is granted.

### IV. CONCLUSION

For good cause appearing, **IT IS ORDERED** that Johnson's motion to stay proceedings, (ECF No. 61), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** until **June 15, 2023**, at which point the stay shall be automatically lifted.

**IT IS FURTHER ORDERED** that Johnson shall file, as soon as practicable, his updated address with the Court.

**IT IS FURTHER ORDERED** that Johnson's motion for immediate release, (ECF No. 60), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment, (ECF No. 62), is **DENIED, with leave to refile**, upon the lifting of the stay.

**IT IS FURTHER ORDERED** that Defendants' motion to seal, (ECF No. 63), is **GRANTED**.

IT IS SO ORDERED.

DATED: April 12, 2023.

_____
UNITED STATES MAGISTRATE JUDGE